GREGORY L. KIRAKOSIAN (SBN 294580)
[greg@kirakosianlaw.com]
**KIRAKOSIAN LAW, APC**
11684 VENTURA BLVD., SUITE 975
STUDIO CITY, CALIFORNIA 91604
TELEPHONE: (213) 986-5389
FACSIMILE:  (213) 477-2355

*Attorneys for Plaintiff,*
ALONSO CAPILLA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALONZO CAPILLA,<br><br>         Plaintiff,<br><br>   vs.<br><br>DEPUTY CUEVAS, DEPUTY MORELAND, AND DOE DEPUTIES 1-10,<br><br>         Defendants, | **Case No.:  5:25-cv-1834**<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES**<br><br>1. Unlawful Search and Seizure (42 U.S.C. § 1983);<br>2. Excessive Force (42 U.S.C. § 1983); and<br>3. False and Malicious Investigation and Prosecution (42 U.S.C. § 1983);<br><br>**DEMAND FOR JURY TRIAL** |

# INTRODUCTION

1. Plaintiff Alonso Capilla ("Plaintiff"), hereby files this Complaint for Damages against Deputy Cuevas, Deputy Moreland, and DOE Deputies 1-10. As discussed in further detail herein, this Complaint arises out an incident that occurred on June 13, 2024, at or near Mojave Dr and 7th St., in the City of Victorville, in the County of San Bernardino. Plaintiff alleges that the Defendants' conduct constituted or led to the violation of Plaintiff's Fourth Amendment rights and accompanying State law violations against Plaintiff arising from the unlawful search and seizure of Plaintiff with the use of excessive force and malicious prosecution thereafter.

# JURISDICTION AND VENUE

2. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiff's claims arises under the laws of the United States, including the United States Constitution, the Fourth Amendment, and 42 U.S.C. § 1983.

3. This Court has supplemental jurisdiction over Plaintiff's State law claims pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this Court under 28 U.S.C. § 1391(b) because all incidents, events, and occurrences giving rise to this action occurred in the County of San Bernardino, California, and because all Defendants reside in the County of San Bernardino, California.

# PARTIES AND GENERAL ALLEGATIONS

5. At all relevant times, the individual Plaintiff Alonso Capilla was residing in the County of San Bernardino, California.

6. At all relevant times, County of San Bernardino, Deputy Cuevas, Deputy Moreland, and DOE Deputies 1-10, were individuals residing in the County of San Bernardino, California. Hereinafter, these Defendants will be referred to collectively

as the "Individual Deputies."

7. At all relevant times, the Individual Deputies were acting under the color of law within the course and scope of their employment and duties as agents for County of San Bernardino. At all relevant times, the Individual Deputies were acting with the complete authority and ratification of their principal, County of San Bernardino.

8. The true names and/or capacities of the Individual Deputies designated as DOES are unknown to Plaintiff at this time and therefore Plaintiff files this Complaint against said DOE Defendants by such fictitious names. Plaintiff will seek leave of Court to amend the Complaint to identify the true names and capacities of said DOE Defendants when their names are ascertained.

9. Plaintiff is informed and believes, and upon such information and belief, alleges that, at all relevant times, each Defendant is the agent, employee, alter ego, servant, successor-in-interest and/or joint venturer of each other defendant and that in doing the things herein alleged, each Defendant was acting within the course, scope, and authority of such agency, employment, service, successor-in-interest and/or joint venture.

10. Plaintiff is informed and believes, and upon such information and belief, alleges that, each Defendant is contractually, strictly, vicariously liable and/or otherwise legally responsible in some manner for each and every act, omission, obligation, event or happening set forth herein. Plaintiff

11. Plaintiff is informed and believes, and upon such information and belief, alleges that, each Defendant acting as a employer or principal, was negligent in the selection and hiring of each and every other Defendant as an agent, servant, employee, successor-in-interest, and/or joint venturer. Further, the acts of each Defendant, were consented to, ratified and/or authorized and confirmed by each other defendant.

12. Plaintiff is informed and believes, and upon such information and belief, alleges that, the acts of each Defendant was fully ratified by each and all other

Defendants. Specifically, and without limitation, Plaintiff is informed and believes, and upon such information and belief, alleges that, the actions, failures to act, and breaches alleged herein are attributed to one or more Defendant was approved, ratified, and done with the cooperation and knowledge of each and all of the other Defendants.

## SHORT STATEMENT OF INCIDENT

13. This Tort Claim seeks compensatory and punitive damages against Individual Deputies in connection to an incident that occurred on June 13, 2024, at or near the intersection of Mojave Drive and 7th Street, in the City of Victorville, in the County of San Bernardino.

14. At approximately 3:30 PM, the plaintiff was a rear passenger in his brother's vehicle, returning home from work. The vehicle was stopped by deputies from the San Bernardino County Sheriff's Department. Plaintiff is informed and believes that the purported basis for the stop was the vehicle's window tint, though it is unknown whether any legal violation existed. After the vehicle came to a stop in the parking lot of a liquor store, deputies approached and asked the driver for his license. The driver complied. One deputy then opened the driver's side door and asked the driver to step out. Simultaneously, another deputy opened the plaintiff's rear driver's side door, ordered him to exit, and immediately grabbed his arm.

15. When the plaintiff did not immediately exit and verbally stated "no," the deputy climbed into the vehicle, pinned the plaintiff, and began striking the plaintiff in the face with his elbow. During this use of force, the plaintiff's arms were restricted, and the deputy repeatedly accused him of resisting while asking if the plaintiff "wanted [him] to hit [plaintiff] again." A second deputy approached from the passenger side, assisting in forcing the plaintiff face-down. At one point during this encounter, a deputy's elbow was placed on the plaintiff's neck with enough pressure that the plaintiff could not breathe. The plaintiff was then handcuffed and secured inside a police vehicle.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

16. While detained, the plaintiff told the deputies that he required medical attention. Fire personnel briefly examined the plaintiff but failed to perform a thorough assessment before stating he was "fine." After several hours in the police vehicle, the plaintiff was transported to urgent care at a local Victorville hospital, where only paperwork was completed and no substantive medical evaluation was performed. The plaintiff remained in custody for approximately 18 hours and was held at the Victorville Police Department for around 15 of those hours. During his detention, Plaintiff's personal belonging were searched.

17. The plaintiff sustained wrist pain and marks from overly tight handcuffs, facial bruising and headaches from being elbowed, as well as pain to his right shoulder, stomach, and neck resulting from the physical takedown with a deputy's body weight pressing him into the car seat. The plaintiff was later charged with resisting arrest under California Penal Code § 148(a). He missed work as a machine operator as a result of the arrest and court proceedings. The plaintiff and other witnesses filmed portions of the stop and arrest, including a recording in which the deputy can be heard asking the plaintiff if he "want[ed] [him] to hit [plaintiff] again."

18. For the conduct alleged above, Plaintiff hereby bring the following causes of action:

## FIRST CLAIM FOR RELIE

### Unlawful Search and Seizure in Violation of 42 U.S.C. § 1983

(*Plaintiff Against All Individual Deputies*)

19. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

20. On June 13, 2024, the Individual Deputies stopped, searched, and seized the Plaintiff's bags and vehicle.

21. The Individual Deputies searched and seized Plaintiff's person and property, and did so intentionally, in that the Individual Deputies acted with a conscious objective to search and seize Plaintiff.

22. Specifically, by means of force and a show of authority, the Individual Deputies commanded and ordered that the Plaintiff refrain from moving, leaving the location of the interaction, or going about his business.

23. At all relevant times, the encounter was not a consensual encounter, but a search and seizure in which Plaintiff was not at liberty to ignore the police presence and go about Plaintiff's business.

24. At all relevant times before the Individual Deputies conducted the search and seizure, the Individual Deputies did not have a warrant to conduct the search and seizure.

25. At all relevant times before and at the time the Individual Deputies conducted the search and seizure, the Individual Deputies did not have the express consent of Plaintiff to conduct the search and seizure.

26. At all relevant times before, during, and after the Individual Deputies conducted the search and seizure, the Individual Deputies did not state any reason or basis as to why the seizure was needed, necessary, reasonable, or lawful.

27. At all relevant times before the Individual Deputies conducted the seizure, the Plaintiff had not, did not, and was not about to commit any crime. Moreover, Plaintiff is informed and believes, and upon such information and belief, alleges that the Individual Deputies observed no facts or circumstances that would lead a reasonable law enforcement officer to believe that Plaintiff had, did, or was about to commit any crime.

28. At all relevant times before the Individual Deputies conducted the seizure, the Plaintiff was not subject to a lawful arrest.

29. At all relevant times before and at the time the Individual Deputies conducted the search and seizure, there was no lawful or justifiable basis that would justify the scope or length of the search and seizure.

30. At all relevant times before and at the time the Individual Deputies conducted the search and seizure, there were no facts apparent to the Individual

1 Deputies that would lead the Individual Deputies to believe that Plaintiff's might gain possession of a weapon.

2 31. At all relevant times before the Individual Deputies conducted the search and seizure, there were no facts apparent to the Individual Deputies that would lead the Individual Deputies to reasonably believe that Individual Deputies might destroy or hide evidence.

32. At all relevant times before the Individual Deputies conducted the search and seizure, there were no facts apparent to the Individual Deputies that would lead the Individual Deputies to reasonably believe that there were any exigent circumstances where there was insufficient time to get a search warrant.

33. When conducting the search and seizure, the Individual Deputies violated Plaintiff's rights to be secure against unreasonable searches and seizures as guaranteed to Plaintiff under both State law and the Fourth Amendment to the United States Constitution.

34. The Individual Deputies conducted the search and seizure, as described herein, and did so intentionally, in that it was their conscious objective to search and seize Plaintiff.

35. Based on the objective facts readily available and known to the Individual Deputies, no reasonable conclusion could be drawn that Plaintiff had committed, was committing, or was about to commit any crime.

36. Based on the objective facts readily available and known to the Individual Deputies, no reasonable conclusion could be drawn to conclude that the search and seizure was reasonable or lawful under the circumstances.

37. Although not required as proof of the unlawful search and seizure, Plaintiff alleges that the Individual Deputies acted with either the knowledge and intent to violate Plaintiff's civil rights, or with a reckless disregard that their intentional actions would likely lead to the violation of Plaintiff's civil rights.

38. Individual Deputies violated not only their departmental training, but California's "Police Officer Standards and Training" policies as well all common sense and human decency.

39. The Individual Deputies knew that their conduct could and would likely result in the violation of Plaintiff's State and Federal civil rights.

40. The Individual Deputies knew that their conduct could and would likely result in further significant injury or the unnecessary and wanton infliction of emotional distress.

41. The Individual Deputies disregarded the risks that their conduct would likely result in a violation of rights and cause damages to Plaintiff.

42. As a result of the misconduct alleged herein, the Individual Deputies are liable for Plaintiff's injuries, either because they were integral participants in causing damages and the violation of Plaintiff's civil rights, or because they failed to intervene to prevent these violations.

43. As described above, conduct and actions of the Individual Deputies deprived Plaintiff of rights guaranteed by the United States Constitution, the Fourth Amendment, and 42 U.S.C. § 1983, resulting in harm and damages to Plaintiff, as described herein.

44. Due to the conduct of the Individual Deputies, Plaintiff has been required to incur Attorneys' fees and will continue to incur attorneys' fees, all to Plaintiff's damage in a sum to be proved at trial and recoverable pursuant to 42 U.S.C. §1988.

45. The Individual Deputies acted in a willful, wanton, malicious, and oppressive manner with a conscious disregard of Plaintiff's rights conferred upon Plaintiff by intentionally, knowingly, and recklessly violating those rights and causing damages. In so acting, the Individual Deputies manifested a conscious or reckless disregard for Plaintiff's rights, so as to justify the assessment of punitive and exemplary damages against the Individual Deputies in a sum to be established according to proof.

# SECOND CLAIM FOR RELIEF

## Excessive Force in Violation of 42 U.S.C. § 1983

(*Plaintiff Against All Individual Deputies*)

46. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

47. As alleged herein, on June 13, 2024, the Individual Deputies seized Plaintiff's person. In doing so, the Individual Deputies used unnecessary, unreasonable, and excessive force. Specifically, one or more deputies elbowed Plaintiff in the face while his arms were restricted, causing facial bruising and persistent headaches. During the course of the physical takedown, a deputy pressed his body weight onto Plaintiff, resulting in pain to Plaintiff's right shoulder, neck, and stomach as he was forced down into the interior of the vehicle. Plaintiff was then handcuffed with such force that he sustained wrist pain and visible marks. As a result of the foregoing, Plaintiff suffered multiple physical injuries, physical pain, and emotional distress.

48. At all relevant times, the Individual Deputies had a duty to use reasonable care in their interaction with the Plaintiff and to ensure that an individual is free from foreseeable risks of harm and not to expose persons to reasonably foreseeable risks of injury, including, but not limited to, the use of excessive force that caused harm to Plaintiff.

49. Neither the basis for the seizure nor the methods used to conduct the seizure were legal, justifiable, reasonable, or based on any reasonable or probable cause.

50. At all relevant times and specifically at the time that force was used:

    a. The nature of the crime or other circumstances known to the Individual Deputies was not of the type that would lead a reasonable law enforcement officer to believe that the extent of the force used was reasonable, lawful, necessary, or justifiable;

      b.      The Plaintiff was not engaged in any conduct that would lead a reasonable law enforcement officer to believe that Plaintiff posed an immediate threat to the safety of the Individual Deputies or to others;

      c.      The Plaintiff was not engaged in any conduct that would lead a reasonable law enforcement officer to believe that Plaintiff were actively resisting arrest or attempting to evade arrest by flight;

      d.      The Individual Deputies had a reasonable amount of time that would lead a reasonable law enforcement officer to determine that a less intrusive and less excessive amount of force would accomplish the lawful objectives of the Individual Deputies.

      e.      No reasonable law enforcement officer would determine that the amount of force used by the Individual Deputies was reasonable or necessary given the need for the use of force;

      f.      The Individual Deputies made no efforts to temper or limit the amount of force used, and in fact, had equally effective and available alternative methods to accomplish the lawful (or even unlawful) objectives of the Individual Deputies;

      g.      There was no ongoing criminal actions, violent actions, or security problems that would lead a reasonable law enforcement officer to believe that the amount of force used by the Individual Deputies was reasonable, lawful, necessary, or justifiable;

      h.      There were no officers or persons' lives which were at risk by the circumstances or conduct by Plaintiff that would lead a reasonable law enforcement officer to believe that the extent of the force used was reasonable, lawful, necessary, or justifiable;

      i.      It was practical for a reasonable law enforcement officer to give warnings of an imminent intention to use such a degree of force, yet the Individual Deputies failed to give such warning;

Kirakosian Law, APC

j. There was no probable cause for a reasonable officer to believe that Plaintiff had engaged in any violent or threatening conduct, nor were the Individual Deputies responding to any calls arising from alleged violence.

51. The Individual Deputies violated Plaintiff's State and Federal civil rights by using excessive force when the Individual Deputies violently, recklessly, and needlessly escalated an encounter into one with the use of extreme physical force.

52. No objective facts readily available and known to the Individual Deputies could have reasonably led a reasonable law enforcement officer to conclude that the use of force upon Plaintiff was reasonable, lawful, or justified.

53. Further, the Defendants' actions and use of force violated not only their training and standard police officer training, but all common sense and human decency.

54. Defendants' unjustified excessive use of force deprived Plaintiff of rights to be secure against unreasonable use of force as guaranteed under State law and the Fourth Amendment of the United States Constitution.

55. The Individual Deputies knew, or in the exercise of ordinary and reasonable care should have known, that Defendants' conduct posed a significant risk of harm to Plaintiff.

56. The Individual Deputies knew that their conduct could and would likely result in the violation of Plaintiff's State and Federal civil rights.

57. The Individual Deputies knew that their conduct could and would likely result in further significant injury or the unnecessary and wanton infliction of emotional distress.

58. The Individual Deputies disregarded the risks that their conduct would likely result in a violation of rights and cause damages to Plaintiff.

59. As a result of the misconduct alleged herein, the Individual Deputies are liable for Plaintiff's injuries, either because they were integral participants in causing damages and the violation of Plaintiff's civil rights, or because they failed to intervene

to prevent these violations.

60. As described above, conduct and actions of the Individual Deputies deprived Plaintiff of rights guaranteed by the United States Constitution, the Fourth Amendment, and 42 U.S.C. § 1983, resulting in harm and damages to Plaintiff, as described herein.

61. Due to the conduct of the Individual Deputies, Plaintiff has been required to incur Attorneys' fees and will continue to incur attorneys' fees, all to Plaintiff's damage in a sum to be proved at trial and recoverable pursuant to 42 U.S.C. §1988.

62. The Individual Deputies acted in a willful, wanton, malicious, and oppressive manner with a conscious disregard of Plaintiff's rights conferred upon Plaintiff by intentionally, knowingly, and recklessly violating those rights and causing damages. In so acting, the Individual Deputies manifested a conscious or reckless disregard for Plaintiff's rights, so as to justify the assessment of punitive and exemplary damages against the Individual Deputies in a sum to be established according to proof.

### THIRD CLAIM FOR RELIEF

**Malicious Investigation and Prosecution in Violation of 42 U.S.C. § 1983**

(*Plaintiff Against All Individual Deputies*)

63. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

64. As described herein, the Individual Deputies stopped, searched, seized, arrested, and had Plaintiff charged with crimes, and did so intentionally, unreasonably, and without a lawful basis.

65. Following the Incident, Plaintiff was charged with PC 148 - Resisting Arrest. At all relevant times, prior to, during, and after the seizure and arrest of Plaintiff, the Individual Deputies knew that Plaintiff had not committed the crime of PC 148 - Resisting Arrest, yet continued their investigation and preparation of reports

to criminally charge and prosecute Plaintiff, despite their knowledge of his innocence, and were deliberately indifferent to Defendants' innocence.

66. Prior to and during the Incident, the Individual Deputies fabricated caused to investigate and continue to investigate Plaintiff despite the fact that they knew that Plaintiff was innocent, or deliberately indifferent to Defendants' innocence. Moreover, the results of the investigation were used to criminally charge and prosecute Plaintiff.

67. Prior to, during, and after the Incident, the Individual Deputies deliberately fabricated observations and evidence that the Individual Deputies used to initiate criminal charges and prosecution of Plaintiff.

68. The Individual Deputies engaged in deliberate efforts to cover up their own wrongful conduct by providing false statements and testimony, or authorizing or approving false reports, and/or aiding and abetting the preparation, authorization, or approval of false reports to maliciously charge and prosecute Plaintiff of crimes they knew that Plaintiff was innocent, or deliberately indifferent to Plaintiff's innocence.

69. The underlying criminal case, Case No. , was resolved in Plaintiff's favor and dismissed on .

70. The Individual Deputies knew, or in the exercise of ordinary and reasonable care should have known, that Defendants' conduct posed a significant risk of harm to Plaintiff.

71. The Individual Deputies knew that their conduct could and would likely result in the violation of Plaintiff's State and Federal civil rights.

72. The Individual Deputies knew that their conduct could and would likely result in further significant injury or the unnecessary and wanton infliction of emotional distress.

73. The Individual Deputies disregarded the risks that their conduct would likely result in a violation of rights and cause damages to Plaintiff.

74. As a result of the misconduct alleged herein, the Individual Deputies are liable for Plaintiff's injuries, either because they were integral participants in causing

damages and the violation of Plaintiff's civil rights, or because they failed to intervene to prevent these violations.

75. As described above, conduct and actions of the Individual Deputies deprived Plaintiff of rights guaranteed by the United States Constitution, the Fourth Amendment, and 42 U.S.C. § 1983, resulting in harm and damages to Plaintiff, as described herein.

76. Due to the conduct of the Individual Deputies, Plaintiff has been required to incur Attorneys' fees and will continue to incur attorneys' fees, all to Plaintiff's damage in a sum to be proved at trial and recoverable pursuant to 42 U.S.C. §1988.

77. The Individual Deputies acted in a willful, wanton, malicious, and oppressive manner with a conscious disregard of Plaintiff's rights conferred upon Plaintiff by intentionally, knowingly, and recklessly violating those rights and causing damages. In so acting, the Individual Deputies manifested a conscious or reckless disregard for Plaintiff's rights, so as to justify the assessment of punitive and exemplary damages against the Individual Deputies in a sum to be established according to proof.

/ / /

/ / /

## DEMAND FOR JURY TRIAL AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Alonzo Capilla hereby demands a jury trial on all causes of action and prays for relief and judgment against all Individual Deputies as follows:

1. For past and future general damages in an amount to be determined by proof at trial;
2. For past and future special damages in an amount to be determined by proof at trial;
3. For punitive and exemplary damages against the Individual Deputies;
4. For reasonable attorneys' fees and costs as provided by statute;

5. For all penalties and other special damages as allowable by law;

6. For costs of suit incurred herein;

7. For interest; and

8. For such other and further relief as the Court deems just and proper.

Date: July 21, 2025

KIRAKOSIAN LAW, APC

By _____
GREG L. KIRAKOSIAN
RAFFI S. BATANIAN
*Attorneys for Plaintiff,*
ALONSO CAPILLA

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

PROOF OF SERVICE